```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
FREDERICK REHBERGER,

                Plaintiff,

        -against-                       MEMORANDUM & ORDER
                                        05-CV-0210 (JS)(ARL)
MRW GROUP, INC.

                Defendant.
-------------------------------X
Appearances:
For Plaintiff:          Matthew Dollinger, Esq.
                        Dollinger, Gonski & Gorman
                        One Old Country Road, Suite 102
                        Carle Place, New York 11514

For Defendant:          Michael Jude Januzzi, Esq.
                        775 Park Avenue, Suite 205
                        Huntington, New York 11743
```

SEYBERT, District Judge:

On January 14, 2005, Plaintiff Frederick Rehberger ("Plaintiff" or "Rehberger"), filed a Complaint alleging (1) Plaintiff has subject matter jurisdiction under 28 U.S.C. § 1332; (2) Plaintiff is entitled to judgment declaring that the sums of money formerly paid by Defendant MRW Group, Inc. ("Defendant" or "MRW Group") to Travelers Group are available as surplus which are required to be paid to the Plaintiff in performance of and in accordance with the Stock Redemption Agreement; (3) Plaintiff is entitled to judgment declaring that the MRW Group must pay to Plaintiff, on a monthly basis, at least the sum of money it heretofore paid to Travelers Group on a monthly basis retroactively

from September 1, 2004, until such time as Plaintiff has been paid the sum of $1,796,750.00, plus interest from November 8, 2001; (4) Defendant should be directed to specifically perform the Stock Redemption Agreement; and (5) Plaintiff is entitled to any further relief this Court may seem just and proper, plus all allowable costs and fees of this action. Pending before this Court is Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

BACKGROUND

In January 1987, the Mills-Muller-Wood Corporation and Richtberg & Rehberger, Inc. merged into a new corporation based in Huntington, New York called the MRW Group, Inc. Compl. ¶ 5; Mem. of Law in Support of Def. Mot. to Dismiss p. 1. Shortly thereafter, in June 1987, the Plaintiff, as well as the other shareholders, entered into a Stock Redemption Agreement, which set forth the rights, duties, and obligations of the shareholders in the MRW Group. Compl. ¶ 7. Under Article IV of the Stock Redemption Agreement, after a stock holder reaches the age of sixty he can require the other stockholders and/or the corporation itself to "buy-out" his shares of stock for the value stated in Article VI. Id. at ¶ 9. Article VI of the Stock Redemption Agreement stipulates the controlling value of the outstanding shares of common stock in the MRW Group to be $7,000,000.00 unless all of the

2

stockholders agree to a new value in writing. Id. at ¶¶ 10, 11. In November 1999, Plaintiff notified the MRW Group in writing that he had reached the age of sixty and he wanted to sell his shares -- 25.668% of the shares of common stock of the MRW Group -- pursuant to Article IV of the Stock Redemption Agreement. Rehberger v. Richtberg, No. 15318-00 (N.Y. Sup. Ct. May 3, 2001); Compl. at ¶¶ 8, 13.

After payment of the requisite sum was refused by Defendant, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Suffolk against Defendant. Id. at ¶¶ 14, 15. In the state court action, the Plaintiff sought a declaratory judgment establishing the value of the all of the outstanding shares of common stock of the MRW Group at $7,000,000. Id. at ¶ 16; Mem. of Law in Opposition to Def. Mot. to Dismiss p. 2. On November 8, 2001, Justice Elizabeth H. Emerson granted summary judgment against the MRW Group finding (1) the Plaintiff could enforce the Stock Redemption Agreement; (2) the $7,000,000 value stated therein was controlling; and (3) the dollar value of Plaintiff's share of 25.668% of the MRW Group is $1,796,760. Compl. ¶ 27. In addition, Justice Emerson held that in accordance with Sections 513 and 514 of the New York Business Corporation Law, any payments to the Plaintiff from the MRW Group are limited to years in which a surplus is available. Id. Subsequently, on June 17,

3

2002, the Appellate Division, Second Department affirmed Justice Emerson's ruling and remitted the matter for entry of the Judgment declaring the value of the outstanding shares of common stock of the MRW Group to be $7,000,000.  Id. at ¶ 28.

Plaintiff alleges that the Defendant has not complied with the state court's judgment because it has not made any payments to the Plaintiff even though it has a surplus.  Id. at ¶¶ 31, 42. This surplus as defined by Sections 102 and 513 of the Business Corporation Law, is alleged to currently exist as a result of the Defendant completing monthly payments owed to Travelers Group.  Id. at ¶¶ 37, 42.  These monthly payments were a result of a debt to Travelers Group for funds used by the MRW Group to acquire treasury stock, a covenant not to compete, and to pay deferred compensation. Id. at ¶ 33.  The MRW Group secured this obligation to Travelers Group through its assets.  Id. at 34.  Plaintiff seeks judgment: (1) declaring that the sums of money formerly paid by the MRW Group to Travelers Group are available as surplus which are required to be paid to the Plaintiff in performance of and in accordance with the Stock Redemption Agreement; (2) declaring that the MRW Group must pay to the Plaintiff, on a monthly basis, at least the sum of money it heretofore paid to Travelers Group on a monthly basis retroactively from September 1, 2004, until such time as Plaintiff has been paid the sum of $1,796,750, plus interest from November 8,

2001; and (3) directing that the MRW Group specifically perform the Stock Redemption Agreement. Id. at ¶ 42.

DISCUSSION

I. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

A. Standard Governing Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113. (2d Cir. 2000). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). Furthermore, dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Id. "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002).

B. Analysis

The Defendant contends this action should be dismissed because the Plaintiff has failed to allege a controversy that this

Court can redress. Mem. of Law in Support of Def. Mot. to Dismiss p. 5. In order for a court to exercise subject matter jurisdiction, there must be an actual case or controversy pursuant to Article III of the Constitution. <u>Vermont Right to Life Comm., Inc. v. Sorrell</u>, 221 F.3d 376, 381-82 (2d Cir. 2000). For there to be a case or controversy, "a dispute must exist between two parties having adverse legal interests." <u>S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.</u>, 24 F.3d 427, 431 (2d Cir. 1994).

In this case, the state court has already addressed certain issues involving the alleged injury to the Plaintiff including his right to payment under certain circumstances. Compl. ¶ 27. Nonetheless, the Plaintiff has raised issues that have yet to be decided. The state court declared the Plaintiff was only entitled to payment under certain circumstances. Those circumstances include whether a surplus exists. Whether or not the Defendant has a surplus, and therefore becomes obligated to "buy-out" the Plaintiff, is a controversy that was not determined by the state court. Although, presumably, the Plaintiff could have brought this action in state court, the Plaintiff can still bring this case in Federal court through diversity of citizenship jurisdiction. <u>See</u> 28 U.S.C. § 1332.

For a diversity case to be within this Court's judicial power there need only be a controversy between the parties.

Spindel v. Spindel, 283 F. Supp. 797, 801 (E.D.N.Y. 1968). The Plaintiff still must set forth the existence of a controversy even though they are seeking declaratory relief. See S. Jackson & Son, Inc., 24 F.3d 427, 431 (2d Cir. 1994). "The existence of an actual controversy in the constitutional sense is of course necessary to sustain jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201." Muller v. Olin Mathieson Chem. Corp., 404 F.2d 501, 504 (2d Cir. 1968). The Plaintiff has offered sufficient pleadings to demonstrate the existence of a controversy that this Court has subject matter jurisdiction under diversity jurisdiction. The parties dispute whether the cessation of the Defendant's payments to Travelers Group is evidence of a surplus, setting forth a justiciable controversy.

Finally, the Defendant alleges that Article 52 of the New York Civil Practice Law and Rules gives the state court continuing jurisdiction over these matters. As a result, the Defendant alleges, there is no controversy for this Court to address. However, Article 52 of the CPLR applies to the "enforcement of money judgments," whereas the state court did not issue a money judgment.

Thus, Defendant's Motion to Dismiss pursuant to 12(b)(1) must be denied.

7

II. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

   A. Standard Governing Rule 12(b)(6)

A district court should not grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Sec. Investor Prot. Corp. v. BDO Seidman, 222 F.3d 63, 69 (2d Cir. 2000) (quoting Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)). When applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the Plaintiff, as well as accept these factual allegations as true. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). Moreover, the court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (quoting Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)).

   B. Analysis

The Defendant alleges the Plaintiff has failed to set forth a claim upon which relief can be granted because of the preclusive effects of the doctrines of res judicata and collateral

estoppel. Mem. of Law in Support of Def. Mot. to Dismiss p. 1. Specifically, the state court's decision addressed the Plaintiff's claim and therefore he should be barred by commencing a second litigation in Federal Court. Mem. of Law in Support of Def. Mot. to Dismiss p. 6.

In the instances when "there is a final state court judgment, a federal court looks to that state's rules of res judicata to determine the preclusive effect." Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003). In New York, "under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." In re Hunter, 4 N.Y.3d 260, 269 (2005). This rule is applied "not only to claims actually litigated but also to claims that could have been raised in the prior litigation." Id. The Defendant alleges that the instant claim should have been brought in the state court action. Despite the Defendant's contention, the instant claim could not have been brought in the earlier state court action. The MRW Group's obligation to Travelers Group was paid in full in August 2004, at which time the surplus monies in question became available. Compl. at ¶ 37. However, the State Court decision was rendered in November 2001. Compl. at ¶ 30. Consequently, a declaratory judgment action as to the availability

of this specific surplus could not have been asserted in the prior state proceeding. Furthermore, the preclusive effect of the prior state court declaratory judgment action "is limited to the subject of the declaratory relief sought." <u>Jefferson Towers, Inc. v. Pub. Serv. Mut.</u>, 195 A.D.2d 311, 313 (1st Dep't 1993); <u>see</u> also <u>Harborside Refrigerated Services, Inc. v. Vogel</u>, 959 F.2d 368, 372 (2d Cir. 1992).

Collateral estoppel or issue preclusion exists "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated by the same parties in a future lawsuit." <u>Flaherty v. Lang</u>, 199 F.3d 607, 612 (2d Cir. 1999)(quoting <u>Schiro v. Farley</u>, 510 U.S. 222, 232, 114 S. Ct. 783, 127 L. Ed. 2d 47(1994)). Collateral estoppel is only permissible as to a given issue when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." <u>Bear, Stearns & Co., Inc., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.</u>, No. 04-CV-3632, 2005 WL 1231616, at *3 (2d Cir. May 25, 2005). In this case, the issue was not raised in the previous litigation, nor could it have been litigated in the previous proceeding for the reasons mentioned above. The issue

could not have been litigated at the time the state court action was pending and therefore should not be barred.

Thus, Defendant's Motion to Dismiss pursuant to 12(b)(6) must be denied.

CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss are DENIED pursuant to Rule 12 of the Federal Rules of Civil Procedure.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       June 28, 2005